# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TURKIYE IHRCAT KREDI BANKASI, A.S., | Case No. 3:20-cv-00330-LRH-EJY |
| Plaintiff, | ORDER |
| v. | |
| NATURE'S BAKERY, LLC F/K/A BELLA FOR BAKERY, INC., | |
| Defendant/Third Party Plaintiff/Counterclaim Defendant, | |
| v. | |
| INTRANSIA, LLC, | |
| Third Party Defendant/Counterclaim Plaintiff/Rule 14(a) Claimant. | |

Before the Court is the Report and Recommendation ("R&R") of U.S. Magistrate Judge Elayna J. Youchah (ECF No. 53), recommending granting plaintiff Turkiye Ihrcat Kredi Bankasi, A.S.' ("Turk Eximbank") motion to dismiss as it relates to four of the five claims brought by third party defendant/third party counterclaimant/Rule 14(a) claimant Intransia, LLC ("Intransia"), and denying the motion to dismiss as it relates to one of the claims—unjust enrichment. Turk Eximbank filed a limited objection to the portion of the R&R recommending that Intransia's unjust

1

enrichment claim not be dismissed (ECF No. 54). Intransia filed a response to the limited objection (ECF No. 55).

For the reasons contained in this order, the Court will overrule the objection to the R&R, and adopt and accept the R&R.

I.     **BACKGROUND**

This case concerns issues that arose out of an international transaction between multiple parties. In 2016, Elmas Dis Ticaret A.S. ("Elmas"), a Turkish fruit distributor, sold fig paste to Nature's Bakery, LLC ("Nature's Bakery") a Nevada limited liability company. ECF No. 1 ¶¶ 7–15. Turk Eximbank—a financial supporter of Turkish exporters like Elmas—was assigned the payment right for receivables issued by Elmas to Nature's Bakery. *Id.* at ¶¶ 14–15. Intransia, a Florida limited liability company, allegedly assisted Nature's Bakery with U.S. import requirements and helped deliver the fig paste to Nature's Bakery in Nevada. ECF No. 36, at 20–21, 26.

Turk Eximbank filed the instant claim against Nature's Bakery on June 4, 2020, for nearly $400,000 in unpaid receivables arising out of Elmas' 2016 fig paste shipment to Nature's Bakery. ECF No. 1. Nature's Bakery answered and submitted a third-party complaint alleging breach of contract against Intransia. ECF Nos 13, 19. Intransia submitted an answer, counterclaimed against Nature's Bakery, and filed a Rule 14(a) claim against Turk Eximbank. ECF No. 36. The Rule 14(a) claim, among other things, included an unjust enrichment claim against Turk Eximbank. *Id.* at 26–27. Specifically, Intransia alleged that Nature's Bakery never paid its contractual obligations for Intransia's assistance with the 2016 import requirements. *Id.* In turn, Intransia alleged that Turk Eximbank, as an assignee of the receivables at issue, was unjustly enriched for Intransia's carrier services in the amount of $123,219.79. *Id.*

After the Magistrate Judge granted Turk Eximbank's motion to dismiss for the majority of Intransia's crossclaims, Turk Eximbank filed an objection the Magistrate Judge's conclusion that Intransia had sufficiently pled an unjust enrichment claim. ECF Nos. 53, 54.

This Court conducts a *de novo* review "of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Unjust enrichment is an equitable remedy when an express contract does not exist between the parties. *State v. Second Judicial Dist. Ct. in & For Washoe Cnty.*, 241 P. 317, 322 (Nev. 1925). In Nevada, a claim of unjust enrichment must allege that there was (1) a benefit conferred by the suing party on the party being sued; (2) appreciation of that benefit; (3) acceptance and retention of the benefit; and (4) circumstances exist where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (cleaned up). As Turk Eximbank articulates in its objection, a claim for unjust enrichment cannot be pursued where an express contract already covers the subject(s) at issue. ECF No. 54, at 4 (citing *Hunt v. Zuffa*, 361 F.Supp.3d 992 (D. Nev. 2019)).

Here, however, the Magistrate Judge found that, although a contract existed between Intransia and both Nature's Bakery and Elmas, an express contract did not exist between Intransia and Turk Eximbank. As a result, the Magistrate Judge held that Intransia could pursue an unjust enrichment claim against Turk Eximbank. In its objection, Turk Eximbank's argues that because an express contract exists between Intransia and both Nature's Bakery and Elmas, it is unlawful for Intransia to pursue an unjust enrichment claim against third party defendants like itself as the claim would be covered by the contracts. According to Turk Eximbank, because the R&R did not find significance in the existing contracts, the Magistrate Judge "expand[ed] long-held rules and topple[d] equitable principles by finding a viable unjust enrichment claim against [Turk Eximbank] despite—and without even addressing—the contract rights Intransia maintains."

Despite this framing, the relevant Nevada case law appears to cut against Turk Eximbank's objection. This District Court has previously relied on long-standing Nevada case law which has found that unjust enrichment claims may exist against third party defendants despite a plaintiff's pre-existing contract with the primary defendant. *See W. Charleston Lofts I, LLC v. R & O Const. Co.*, 915 F.Supp.2d 1191, 1195 (D. Nev. 2013) (citing *Leasepartners Corp.*, 942 P.2d at 187) (finding that, despite contract between the plaintiff and two of the defendants, an unjust enrichment claim could still be brought against the third-party defendant without a contract)). As such, the Court will overrule Turk Eximbank's objection on this point.

1        Next, Turk Eximbank argues in its objection that Intransia lacked a sufficient direct relationship with it to justify an unjust enrichment claim. As Turk Eximbank points out, Nevada does appear to require some "direct relationship or dealings between the plaintiff and the defendant," to justify an unjust enrichment claim. *On Demand Direct Response, LLC v. McCary-Pollack*, 2016 WL 5796858, No. 2:15-cv-01576-MMD-VCF (D. Nev. Sept. 30, 2016) (citing *Zalk–Josephs Co. v. Wes Cargo, Inc.*, 366 P.2d 339, 342 (Nev. 1961)). Under Turk Eximbank's theory, because it never directly dealt with Intransia, and was only assigned the payment right for receivables where Intransia performed its shipping services, a relationship never existed between the two parties justifying an unjust enrichment claim.

       The Court disagrees with Turk Eximbank that there was no direct relationship between it and Intransia. Turk Eximbank was assigned the payment right for receivables by Elmas for the shipment of the fig paste to Nature's Bakery. As demonstrated by Turk Eximbank's filing of the initial complaint, it had a direct interest in the shipment of the fig paste and the monies stemming from that shipment. Based on the record, without Intransia's services, the shipment of the fig paste would not have been completed. Accordingly, despite never directly communicating with Intransia, Turk Eximbank had a relationship with Intransia because each had a part in the successful completion of the shipment and Turk Eximbank received a benefit from Intransia's services, i.e., the delivered shipment. Therefore, the Court will overrule Turk Eximbank's objection on this point as well.

       Lastly, Turk Eximbank's objection raises the argument that Intransia lacks standing because the shipment invoices list "Intransia Turkey," not Intransia, which is purportedly a distinct legal entity. *See Raines v. Byrd*, 521 U.S. 811, 818–19 (1997) (Article III standing requirements). However, a cursory review of the exhibits filed by Intransia in its third-party complaint, demonstrate that Intransia does in fact appear to be related to, if not the same company as, "Intransia Turkey." ECF No. 36-1. Therefore, without evidence demonstrating the contrary, the Court agrees with the Magistrate Judge that it has jurisdiction over the Rule 14(a) claim.

///

///

4

## III. CONCLUSION

The Court has conducted its *de novo* review in this Case, has fully considered the objections of Turk Eximbank, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1). The Court determines that the Magistrate Judge's Report and Recommendation entered on February 5, 2021, should be adopted and accepted. Turk Eximbank's limited objection on the matter is overruled.

IT IS THEREFORE ORDERED that the Report and Recommendation (ECF No. 53) is adopted and accepted, and Turk Eximbank's limited objection (ECF No. 54) is **DENIED**.

IT IS SO ORDERED.

DATED this 7th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE