1    DICKINSON WRIGHT PLLC
     JUSTIN J. BUSTOS
2    Nevada Bar No. 10320
     BROOKS T. WESTERGARD
3    Nevada Bar No. 14300
     100 W. Liberty St., Ste. 940
4    Reno, NV 89501
     (775) 343-7500
5    (844) 670-6009
     Email: jbustos@dickinson-wright.com
6    Email: bwestergard@dickinson-wright.com

7    (Additional counsel listed on signature page)

8
9    *Attorneys for Defendant Nature's Bakery, LLC*

10                 UNITED STATES DISTRICT COURT

11                    DISTRICT OF NEVADA

| | |
|---|---|
| 12   TURKIYE IHRACAT KREDI BANKASI, A.S., | Case No. 3:20-cv-00330-LRH-CLB |
| 13 | |
| 14               Plaintiff, | **DEFENDANT AND THIRD-PARTY PLAINTIFF NATURE'S BAKERY'S MOTION FOR EVIDENTIARY AND MONETARY SANCTIONS AGAINST PLAINTIFF TURKIYE IHRACAT KREDI BANKASI, A.S. (FED. R. CIV. P. 37(d))** |
| 15   vs. | |
| 16   NATURE'S BAKERY, LLC F/K/A BELLA FOUR BAKERY, INC., | |
| 17               Defendant. | |
| 18 | |
| 19   NATURE'S BAKERY, LLC, | |
| 20                Third-Party Plaintiff, | |
| 21   vs. | |
| 22   INTRANSIA, LLC, | |
| 23 | |
| 24              Third-Party Defendants. | |
| 25 | |
| 26          INTRANSIA, LLC, | |
| 27                Counterclaimant, | |

28

vs.

NATURE'S BAKERY, LLC F/K/A BELLA
FOUR BAKERY, INC.,

Counterdefendant.

Defendant Nature's Bakery, LLC f/k/a Bella Four Bakery, Inc. ("Nature's Bakery"), by and through its undersigned counsel, and pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, hereby moves for an order issuing evidentiary and monetary sanctions against Plaintiff Turkiye Ihracat Kredi Bankasi, A.S. ("Turk Eximbank"), on the grounds that Turk Eximbank refused to produce a witness to testify in response to Nature's Bakery's Notice of Rule 30(b)(6) Deposition of Turk Eximbank.

This motion is based upon the following Memorandum of Points and Authorities, the Declarations of Joseph Marshall and David Kwasniewski and exhibits thereto, the complete files and records of this action, and on such argument and evidence as the Court may permit at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Turk Eximbank, the official export credit agency of the Turkish government, brought this action against Nature's Bakery.  Yet when Nature's Bakery properly noticed Turk Eximbank's Rule 30(b)(6) deposition, the bank, without excuse or justification and despite Nature's Bakery's repeated requests, refused to provide a witness to testify on the noticed topics.  It then moved for summary judgment on its claims, arguing that there is no factual dispute as to, and submitting a declaration from a corporate witness regarding, the very topics on which it refused to testify.  The law is clear that such misconduct warrants sanctions under Rule 37, including an Order deeming the matters at issue established and preventing Turk Eximbank from offering evidence or argument to the contrary.  *Egbert v. Equifax Info Servs., LLC*, No. 2:19-cv-00483-JAD-VCF, 2020 WL 1529568, at *2 (D. Nev. Mar. 31, 2020) (deeming defendant's investigation procedures unreasonable as a Rule 37 sanction for its failure to produce a 30(b)(6) witness on that topic); *Elan Microelectronics Corp. v. Pixcir Micro-electronics Co. Ltd.*, No. 2:10–cv–00014–GMN–PAL, 2013 WL 4101811, at *8-9 (D. Nev. Aug. 13, 2013) (precluding defendant from offering any evidence of costs as a Rule 37 sanction for failing to produce a 30(b)(6) witness on that topic).

Nature's Bakery therefore respectfully requests that the Court issue sanctions against Turk Eximbank.  Under Rule 37(d), those sanctions should include (1) deeming it established that Turk Eximbank is not a holder in due course of the invoices at issue in this action, and (2) precluding Turk Eximbank from offering any evidence or argument on that issue, including but not limited to the Declaration from its corporate representative, Ali Ihsan Yarar (the "Yarar Declaration"), ECF No. 71-1, which Turk Eximbank submitted in support of its summary judgment motion. Nature's Bakery also requests mandatory Rule 37 monetary sanctions.

## FACTUAL BACKGROUND

### A.    Nature's Bakery Contracts to Purchase Fig Paste from Elmas

Nature's Bakery is a manufacturer of delicious, wholesome snacks, including a very popular line of fig bars.  In 2015, it contracted with nonparty Elmas Dis Ticaret A.S. ("Elmas"), a Turkish company, to purchase nearly six million pounds of Turkish fig paste, to be delivered at regular intervals throughout 2016 (the "Fig Paste Agreement").  Declaration of Joseph Marshall ("Marshall Decl.") ¶ 2 and Ex. A.[1]  Beginning in May 2016, Elmas assigned certain of its invoices for these sales to Turk Eximbank, which the parties memorialized in six promissory notes (the invoices and notes are referred to collectively herein as "the Invoices").  *Id.* ¶ 3.

### B.    Elmas Breaches the Fig Paste Agreement

Also in May 2016, just as Turk Eximbank was accepting assignment of its invoices, Elmas abruptly ceased shipping product and stopped responding to Nature's Bakery's communications. *Id.* ¶ 4.  When Nature's Bakery attempted to issue payment to Elmas for past deliveries, it was told that Elmas's bank accounts were frozen and that the company had gone out of business.  *Id.* At that time, Elmas had only delivered approximately 3.9 million of the 5.6 million pounds of fig paste it had promised under the Fig Paste Agreement.  *Id.* at ¶ 5.  Nature's Bakery therefore had to scramble to find substitute fig paste.  Ultimately, it was forced to spend over $200,000 more for the substitute fig paste than it would have paid Elmas under the Fig Paste Agreement.  *Id.*

---

[1] The Marshall Decl. is attached hereto as Exhibit 1.

After months of silence, on August 16, 2016, Elmas resurfaced and contacted Nature's Bakery, claiming it was back in business and could resume shipping fig paste. *Id.* ¶ 6. Nature's Bakery declined this offer. *Id.*

Nature's Bakery has paid some of the outstanding Invoices for product Elmas delivered in the first part of 2016, including by sending payment, at Elmas's direction, to third-parties to whom Elmas owed debts. *Id.* ¶ 7. With respect to the remaining amounts, Nature's Bakery is entitled to setoff under NRS 104.2717 to compensate it for the damages it incurred in purchasing fig paste at a higher price than the price at which Elmas had agreed to provide it.

### C.    Turk Eximbank Files Suit

Turk Eximbank filed this action in June 2020, claiming that, as assignee, it is entitled to collect on all Invoices that Nature's Bakery has not paid, without any deductions for setoff. As explained in Nature's Bakery's concurrently-filed opposition to summary judgment, however, Turk Eximbank's right to payment is subject to Nature's Bakery's defenses unless Turk Eximbank can prove that it is a holder in due course.[2] To meet its burden, Turk Eximbank will have to establish, among other things, that it took the Invoices in good faith and without notice of any defenses to them.[3]

### D.    Nature's Bakery Notices Turk Eximbank's 30(b)(6) Deposition; Turk Eximbank Fails to Appear

On April 28, 2021, Nature's Bakery noticed a 30(b)(6) deposition of Turk Eximbank to seek testimony on the following topics:

- The allegations in the Complaint.
- All agreements between You and Nature's Bakery.
- All agreements between You and Elmas Dis Ticaret A.S., including but not limited to all assignments of any invoices regarding Nature's Bakery.
- **All communications between You and Elmas Dis Ticaret A.S. regarding Nature's Bakery.**

---

[2]   NRS 104.3308(2); *Farmers & Merchants State Bank v. Western Bank*, 841 F2d. 1433, 1443 (9th Cir. 1987) (citing UCC § 3-307(3) & comment 1 thereto) (person claiming to be a holder in due course bears the burden of proving that status).

[3]   NRS 104.3302(1); *St. James v. Diversified Comm. Fin. Corp.*, 102 Nev. 23, 25 (1986); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 535-36 (9th Cir. 2011).

- The sales contract between Elmas Dis Ticaret A.S. and Nature's Bakery referenced in paragraph 9 of the Complaint.
- **Your knowledge of whether Nature's Bakery received any invoices from Elmas Dis Ticaret A.S.**
- **Your knowledge of the financial condition of Elmas Dis Ticaret A.S. from 2015 to 2016, including but not limited to its bankruptcy or dissolution**.
- All invoices you contend are owed You by Nature's Bakery.
- The bases and calculations supporting your claim that Nature's Bakery owes you money.
- **Your knowledge of Nature's Bakery's payment to Intransia, LLC.**

Declaration of David Kwasniewski ("Kwasniewski Decl.") ¶ 3 and Ex. B (emphasis added).[4] Each of these topics is crucial to Turk Eximbank's attempt to prove that it is a holder in due course, which in turn is pivotal to its claims.

In accordance with Federal Rule of Civil Procedure 37(d)(1)(B), on April 9, 2021, prior to serving the 30(b)(6) notice, Nature's Bakery first attempted to schedule the 30(b)(6) deposition of Turk Eximbank by requesting that it agree to a date between April 26-30.  *Id*. ¶ 2 and Ex. A. Turk Eximbank failed to respond.  On April 21, Nature's Bakery again asked in writing to schedule the deposition, noting that it had repeatedly asked for dates.  *Id*.  Turk Eximbank failed to respond.  Nature's Bakery then served the deposition notice on April 28, 2021, setting the deposition for two weeks later, on May 12.  *Id*. ¶ 3 and Ex. B.  On May 3, Turk Eximbank responded that it would not be able to attend any day that week due to the Ramadan holiday.  *Id*. ¶ 4 and Ex. C.  Nature's Bakery responded the following day, May 4, and requested a date during the week of May 17.  *Id*.  When Turk Eximbank did not respond, Nature's Bakery followed up on May 12, again requesting a date and noting that discovery was about to close.  *Id*.  Turk Eximbank responded by stating that it would not attend, and by claiming that the period of time between when it received the notice and the proposed deposition date was "exceedingly short," and that it was "unreasonable" to expect its representative(s) to appear after the discovery cutoff date.  *Id*.  Turk Eximbank ultimately refused to produce a representative for its deposition.  *Id*.

### E.    **Turk Eximbank Moves for Summary Judgment**

---

[4] The Kwasniewski Decl. is attached hereto as Exhibit 2.

On June 14, 2021, Turk Eximbank moved for summary judgment.  ECF No. 71.  In its motion, Turk Eximbank contended that it "is a holder in due course of the Notes"; that it "received the Notes … prior to any knowledge of Nature's Bakery's alleged claims or defenses against any of the notes"; and that it is an "innocent purchaser."  *Id*. at 6-7 and n.3.  In support of its motion, Turk Eximbank submitted the Yarar Declaration, from an assistant manager in its Insurance Claims and Recovery Department, which provides some testimony regarding these issues.  ECF No. 71-1.  Nature's Bakery has not, however had any opportunity to depose Mr. Yarar or any Turk Eximbank witness on this issue, despite its properly-noticed 30(b)(6) deposition and repeated requests that Turk Eximbank provide a witness to testify as to this issue.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37(d), the Court may order sanctions if "a person designated under Rule 30(b)(6) … fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  Pursuant to Rule 37(d)(3), the Court may issue "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and] (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]"  Rule 37(d) sanctions are available without a prior court order compelling discovery.  *See Hilao v. Est. of Marcos*, 103 F.3d 762, 765 (9th Cir. 1996); *Egbert v. Equifax Info Servs., LLC*, No. 2:19-cv-00483-JAD-VCF, 2020 WL 1529568, at *2 (D. Nev. Mar. 31, 2020).  The Court also has the inherent power to issue such sanctions.  *Egbert*, 2020 WL 1529568 at *2.

## **ARGUMENT**

Rule 37 sanctions are warranted here because Turk Eximbank refused to produce a witness in response to Nature's Bakery's 30(b)(6) deposition notice and repeated requests.  Worse, Turk Eximbank now falsely claims in its summary judgment motion that Nature's Bakery "does not

dispute" the same issues on which Nature's Bakery sought to depose it, such as "Turk Eximbank's right to payment under the Notes." ECF No. 71 at 6. Turk Eximbank also asserts in its motion that it is entitled to holder in due course status, even though it refused to allow Nature's Bakery to depose it on that issue. These issues are material to Turk Eximbank's claims and Nature's Bakery's defenses. By way of example, if Turk Eximbank cannot carry the burden of proving its status as a holder in due course, Nature's Bakery's defenses, including its setoff defense, will act to bar some or all of Turk Eximbank's claims. The Court should issue evidentiary and monetary sanctions under Rule 37(d) against Turk Eximbank for violating its discovery obligations, including by (1) deeming it established that Turk Eximbank is not a holder in due course, (2) barring Turk Eximbank from presenting any evidence or argument on that issue and on any of the topics identified in Nature's Bakery's 30(b)(6) notice, including but not limited to the Yarar Declaration; and (3) requiring Turk Eximbank to pay Nature's Bakery's costs, including reasonable attorneys' fees, incurred in bringing this Motion for Sanctions.

## II.   THE COURT SHOULD ISSUE EVIDENTIARY SANCTIONS AGAINST TURK EXIMBANK FOR FAILING TO PRODUCE A 30(B)(6) WITNESS

The Federal Rules make clear that a party may not disregard its obligation to produce a witness in response to a discovery request, and that doing so will result in sanctions, including evidentiary sanctions. Here, after refusing to produce a 30(b)(6) witness to testify about critical issues in the case, Turk Eximbank now seeks to submit evidence and argument on the same issues to establish that there are no facts in dispute. This is a textbook case for evidentiary sanctions.

### A.   The Federal Rules Require a Party or Its 30(b)(6) Witness to Appear for a Properly-Noticed Deposition Unless It Obtains a Protective Order

Absent a protective order or an order staying the deposition, a party, including its officers or Rule 30(b)(6) deponent, is required to appear for a properly noticed deposition. *Anderson v. Air West, Inc*., 542 F.2d 1090, 1092 (9th Cir.1976) (noting that the plaintiff had a right to depose the cross-defendant); *see also Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th

Cir.1964) (party must appear for deposition unless it obtains an order postponing or dispensing with its duty to appear).  If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the other party to move for a protective order.  *Fernandez v. Penske Truck Leasing Co., L.P.*, No. 2:12-CV-00295-JCM, 2013 WL 438669, at *2 (D. Nev. Feb. 1, 2013), objections overruled, No. 2:12-CV-295 JCM GWF, 2013 WL 2405297 (D. Nev. May 31, 2013) (citing *Koninklite Philips Elec. N.V. v. KXD Tech., Inc*., No. 2:05-cv-1532-RLH-GWF, 2007 WL 3101248, at *18 (D. Nev., Oct.16, 2007)).  The noticed party "does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court."  *Id*. (citing *Koninklite*, 2007 WL 3101248 at *18).

Here, there was no issue of Nature's Bakery refusing to reschedule the deposition; upon Turk Eximbank's informing it of the conflict with the Ramadan holiday, Nature's Bakery readily offered alternative dates.  Kwasniewski Decl., ¶ 4 and Ex. C.  This was after Turk Eximbank refused to provide a date in the first place, after weeks of Nature's Bakery requesting one.  *Id*. ¶ 2 and Ex. A.  Turk Eximbank also never sought a protective order or an order staying or rescheduling the deposition.  It therefore had no basis for its refusal to appear.

**B.    Courts Issue Evidentiary Sanctions under Rule 37(d) Against Parties Who Fail to Produce Testimony from 30(b)(6) Witnesses**

Courts in this District issue strong sanctions against parties who fail to provide testimony from 30(b)(6) witnesses.  Even where corporations have produced witnesses, they have been sanctioned if their witnesses failed to testify on each of the noticed topics.  In *Egbert*, *supra*, the plaintiff claimed that a defendant violated the Fair Credit Reporting Act by failing to conduct a reasonable investigation of disputes regarding the reporting of credit information.  At its 30(b)(6) deposition, the defendant's witness was not prepared to testify on a number of the noticed topics, including its investigation policies and procedures.  2020 WL 1529568 at *1.  On the plaintiff's Rule 37(d) motion, the court sanctioned the defendant by accepting specific facts as established and preventing defenses on those facts:  It ruled that the defendant's policies and procedures were deemed unreasonable under the FCRA.  *Id*. at *3.

Similarly, in *Elan Microelectronics Corp. v. Pixcir Micro-electronics Co. Ltd.*, No. 2:10–cv–00014–GMN–PAL, 2013 WL 4101811 (D. Nev. Aug. 13, 2013), the defendant's 30(b)(6) witness was not prepared to provide meaningful answers regarding financial information for products alleged to infringe the plaintiff's patent. *Id.* at *8. The court sanctioned the defendant under Rule 37(d) by precluding it from offering at trial or in motion practice any evidence of costs that could be deducted from its revenue to reduce the profits from infringing sales. *Id.* at *9.

Federal courts throughout the country have similarly sanctioned parties who prevented their opponents from deposing witnesses on critical issues. In *Spicer v. Universal Forest Prods., Eastern Div., Inc.*, No. 7:07cv462, 2008 WL 4455854 (W.D. Va. Oct. 1, 2008), defendant Universal moved for summary judgment on the basis that its financial difficulties provided a nondiscriminatory reason for its termination of the plaintiff. The court found that Universal's 30(b)(6) witness had been so unprepared to testify on that topic at his deposition that Universal had "completely disregarded its obligations under Rule 30(b)(6)." *Id.* at *8. The court further found it "particularly troubling" that Universal would contend there was no dispute of fact on the issue "when counsel for plaintiff was given no opportunity at the 30(b)(6) deposition to probe this defense[.]" *Id.* It therefore struck Universal's defense relating to its financial status, explaining:

> A party simply cannot disregard its obligations under the Federal Rules of Civil Procedure as Universal has in this case and thwart discovery on such a material issue. Given the fact that the trial is imminent and summary judgment briefs have been filed, ordering Universal to redo the 30(b)(6) deposition would only serve to needlessly delay the trial of the case. As such, at this late stage of litigation, no other sanctions are either effective or appropriate.

*Id.*; *see also Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 565-67 (M.D. Fla. 2013) (striking former CEO as a witness and striking portions of summary judgment motion where defendant's conduct prevented plaintiff from deposing former CEO on pertinent issues).

### C.   Turk Eximbank Seeks to Offer Evidence and Argument on the Same Issues for Which It Refused to Produce a 30(b)(6) Witness

Turk Eximbank's discovery misconduct here was even more egregious than in the above cases. Instead of producing a 30(b)(6) witness who was unprepared on certain topics, Turk

Eximbank refused to produce any witness at all. Yet it now seeks to support its summary judgment motion with evidence and argument on the very issues on which it failed to provide testimony.

As shown in Nature's Bakery's Opposition to the Motion for Summary Judgment, at the time Turk Eximbank first accepted assignment of an Invoices from Elmas, Elmas was on the verge of bankruptcy and was about to cease its operations. Its breach of the Fig Paste Agreement, which occurred immediately thereafter and while Turk Eximbank was still accepting assignments of the invoices, forced Nature's Bakery to incur substantial additional costs to purchase fig paste from substitute suppliers. Nature's Bakery's liability on the invoices is therefore subject to setoff defenses under NRS 104.2717.

In its Motion, Turk Eximbank baldly asserts that it "is a holder in due course of the Notes," and that it received the Notes "prior to any knowledge of Nature's Bakery's alleged claims or defenses against any of the Notes." ECF No. 71 at 6-7. It further states that it is "an innocent purchaser" of the Notes because it "did not have notice of any defenses at the time the Notes were issued[.]" *Id.* at 7 n.3. While Turk Eximbank's Motion is not entirely clear on this point, it appears to contend that, as an alleged holder in due course, its right to enforce the Notes is not subject to Nature's Bakery's setoff defenses. In support of these purportedly undisputed facts, Turk Eximbank submitted the Yarar Declaration, which states:

- "Besides the lending and insurance relationships, which began in 2015, Turk Eximbank has had no other relationship with Elmas."

- "To the extent that Nature's Bakery asserts that Elmas did not fulfill any of its obligations, such is not the case. First, Elmas fulfilled every purchase order issued by Nature's Bakery, and second, Nature's Bakery rejected the possibility of receiving further shipments in late summer August 2016 unless purchase orders ("proper documentation") were provided. Again, as each and every purchase order was fulfilled, Elmas completed its obligations."

- "Despite Turk Eximbank's demands for payment, Nature's Bakery has failed to comply with its payment obligations and is in breach."[5]

Yarar Decl., ¶¶ 12, 16-17, ECF No. 71-1.

---

[5] Nature's Bakery objects to Mr. Yarar's improper legal conclusion that it "is in breach."

The argument in Turk Eximbank's Motion and the statements in the Yarar Declaration cover the exact same topics about which Turk Eximbank was required to testify at the 30(b)(6) deposition.  Nature's Bakery's deposition notice requested testimony regarding, *inter alia*,

- **Turk Eximbank's knowledge of the financial condition of Elmas from 2015 to 2016, including but not limited to its bankruptcy or dissolution**;

- **all communications between Turk Eximbank and Elmas regarding Nature's Bakery**;

- **Turk Eximbank's knowledge of whether Nature's Bakery received any invoices from Elmas**;

- the allegations in the Complaint;

- all agreements between Turk Eximbank and Nature's Bakery

- all agreements between Turk Eximbank and Elmas;

- the contract between Elmas and Nature's Bakery referenced in the Complaint; and

- Turk Eximbank's knowledge of Nature's Bakery's payment to Intransia, LLC.

Kwasniewski Decl., Ex. B (emphasis added).

The testimony Nature's Bakery requested in its deposition notice goes to the heart of Turk Eximbank's summary judgment motion, *i.e.*, its contention that it was a holder in due course because it had no knowledge of Elmas's precarious financial condition, Elmas's imminent cessation of its operations, or Nature's Bakery's resulting right to setoff.  As in *Spicer*, it is "particularly troubling" that Turk Eximbank would contend there is no dispute of fact as to a central issue in the case after preventing Nature's Bakery from probing its evidence on that very issue.  2008 WL 4455854 at *8.  And, as in *Spicer*, because trial is imminent and Turk Eximbank has already filed its summary judgment motion, evidentiary sanctions under Rule 37(d) are the most effective and appropriate remedy.

### D.   The Court Should Deem It Established That Turk Eximbank Is Not a Holder in Due Course and Preclude Evidence or Argument on That Issue

Nature's Bakery respectfully submits that the appropriate sanctions under Rule 37(d) are

for the Court to (1) deem it established that Turk Eximbank is not entitled to holder in due course status, and (2) preclude Turk Eximbank from offering any evidence or argument on that issue, at trial or in motion practice, including but not limited to the Yarar Declaration.  Under the case law in this District, these sanctions are proportionate to the harm Nature's Bakery suffered from Turk Eximbank's discovery misconduct and are well-warranted.  *See Egbert*, 2020 WL 1529568 at *3 (deeming it established that the defendant's practices were unreasonable under the FCRA after the defendant failed to produce a 30(b)(6) witness prepared to testify on that issue); *Elan*, 2013 WL 4101811 at *9 (precluding defendant from offering evidence to reduce damage award after failing to produce testimony on that issue).

## III.    THE COURT SHOULD ISSUE MONETARY SANCTIONS

Under the Federal Rules, monetary sanctions are mandatory against a party that fails to appear for its 30(b)(6) deposition without substantial justification.  Rule 37 provides that the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3). Courts have issued monetary sanctions under this Rule even when a 30(b)(6) witness appears, if he or she is not prepared to testify on all of the noticed topics.  *E.g.*, *Spicer*, 2008 4455854 at *8 (awarding costs and fees incurred on motion for sanctions); *Paice, LLC v. Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3819204, at *24, 27 (D. Md. June 27, 2014) (awarding monetary sanctions in the form of  reasonable expenses and attorneys' fees incurred in bringing motion for sanctions where 30(b)(6) witnesses were not prepared on designated topics because "monetary sanctions are mandatory under Rule 37(d)" (citation omitted).

Here, Turk Eximbank failed to produce a witness to testify about crucial issues in its affirmative case, despite Nature's Bakery's repeated requests.  The purported justification it offered in an email – that the time period between its receipt of the notice and the scheduled date was "exceedingly short" – is unavailing.  Nature's Bakery began proposing deposition dates on April 9, 2021.  Kwasniewski Decl., ¶ 2 and Ex. A.  After Turk Eximbank failed to respond to

multiple requests to set a date, Nature's Bakery formally served its notice on April 28 and scheduled the deposition for May 12.  *Id*. ¶ 3 and Ex. B.  When Turk Eximbank responded that the chosen date would not work, Nature's Bakery immediately followed up and suggested alternate dates.  *Id*. ¶ 4 and Ex. C.  Rather than produce a witness on one of the proposed dates, Turk Eximbank simply refused to appear.  There is no justification for this misconduct, let alone a "substantial" one.  Nature's Bakery therefore respectfully requests that the Court issue monetary sanctions and require Turk Eximbank to pay the costs Nature's Bakery incurred in bringing this motion, including reasonable attorneys' fees.  Specifically, as detailed in the Kwasniewski Declaration, Nature's Bakery should be awarded $13,125 in costs and reasonable attorneys fees.

## CONCLUSION

For all the foregoing reasons, the motion for evidentiary and monetary sanctions should be granted.

DICKINSON WRIGHT PLLC

 /s/ Justin J. Bustos
JUSTIN J. BUSTOS
Nevada Bar No. 10320
BROOKS T. WESTERGARD
Nevada Bar No. 14300
100 W. Liberty St., Ste. 940
Reno, NV 89501
(775) 343–7500
(844) 670-6009
jbustos@dickinson-wright.com
bwestergard@dickinson-wright.com

BRAUNHAGEY & BORDEN LLP
ANDREW LEVINE *(pro hac vice)*
DAVID KWASNIEWSKI *(pro hac vice)*
351 California Street, 10th Floor
San Francisco, CA 94104
Levine@braunhagey.com
Kwasniewski@braunhagey.com
Tel: (415) 599-0210

*Attorneys for Defendant Nature's Bakery, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of DICKINSON WRIGHT, PLLC and that on this date, pursuant to Federal Rule of Civil Procedure 5(b), I am serving a true and correct copy of the attached **DEFENDANT AND THIRD-PARTY PLAINTIFF NATURE'S BAKERY'S MOTION FOR EVIDENTIARY AND MONETARY SANCTIONS AGAINST PLAINTIFF TURKIYE IHRACAT KREDI BANKASI, A.S. (FED. R. CIV. P. 37(d))** on the parties through the Court's CM/ECF efiling system to the following:

John C. Boyden
ERICKSON, THORPE
& SWAINSTON, LTD.
99 West Arroyo Street
Reno, Nevada 89505
jboyden@etsreno.com

Gabriel T. Bluestone
M. Zachary Bluestone
BLUESTONE LAW, LTD.
1717 K Street NW, Suite 900
Washington, D.C. 200006
gtb@bluestonelaw.com
mzb@bluestonelaw.com

L. Edward Humphrey
Patrick O'Rourke
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
ed@hlawnv.com
patrick@hlawnv.com

DATED this 20th day of July 2021.


  /s/ Caren M. Adkins
An Employee of DICKINSON WRIGHT PLLC

Page 1

**EXHIBIT TABLE**

| Exhibit | Description | Page(s)[i] |
|---|---|---|
| 1 | Declaration of Joseph V. Marshall | 6 |
| A | Fig Paste Agreement | 2 |
| 2 | Declaration of David Kwasniewski | 5 |
| A | 4-9-2021 Email from David Kwasniewski to Gabriel Bluestone | 16 |
| B | Nature's Bakery Notice of Rule 30(b)(6) Deposition of Plaintiff Turk Eximbank | 7 |
| C | 5-12-2021 Email from David Kwasniewski to Gabriel Bluestone | 2 |

---

[i] Page count is not inclusive of exhibit slip sheet.