1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 4  TURKIEY IHRACAT KREDI BANKASI, A.S., | Case No. 3:20-cv-00330-MMD-EJY |
| 5 | |
| 6         Plaintiff, | |
| 7      v. | |
| 8  NATURE'S BAKERY, LLC f/k/a BELLA FOUR BAKERY, INC., | |
| 9         Defendant. | |
| 10  NATURE'S BAKERY, LLC f/k/a BELLA FOUR BAKERY, INC., | |
| 11 | **ORDER** |
| 12         Third Party Plaintiff, | |
| 13      v. | |
| 14  INTRANSIA LLC, | |
| 15         Third Party Defendant. | |
| 16  INTRANSIA LLC, | |
| 17         Counterclaimant, | |
| 18      v. | |
| 19  NATURE'S BAKERY, LLC f/k/a BELLA FOUR BAKERY, INC., and DOES I-X, inclusive, | |
| 20         Counterdefendants. | |
| 21  INTRANSIA LLC, | |
| 22         Cross Claimant, | |
| 23      v. | |
| 24  TURKIYE IHRACAT KREDI BANKASI, A.S., and DOES XI-XX, inclusive, | |
| 25 | |
| 26         Cross Defendants. | |

27

28

    Before the Court is Defendant Nature's Bakery's Motion for Evidentiary and Monetary
Sanctions Against Plaintiff Turkiye Ihracat Kredi Bankasi, A.S ("Turk Eximbank" or "TE").  ECF

1    No. 81.  Turk Eximbank filed a combined responsive document that included a Response to Nature's

2    Bakery's Motion and a Reply in Support of Summary Judgement.  ECF No. 91.[1]  Nature's Bakery

3    (sometimes "NB") filed a Reply.  ECF No. 96.  The Court finds as follows.

4    **I.    BACKGROUND**

5           A.    <u>Facts and Issues Pertinent to the Instant Motion</u>.

6           This litigation arises out of a series of promissory notes and invoices assigning rights to

7    payment under a contract for the purchase of fig paste.  ECF No. 81 at 4.  Defendant Nature's Bakery,

8    a snack manufacturer, contracted with nonparty Elmas Dis Ticaret A.S. ("Elmas"), a producer of fig

9    paste, in 2015.  *Id.*  The purchase agreement provided for the sale of 5.58 million pounds of Turkish

10   fig paste to be delivered in regular installments.  ECF No. 1 at 3.  In May 2016, Elmas assigned

11   select invoices to Turk Eximbank in the form of promissory notes.  ECF No. 81 at 4.  Turk Eximbank

12   is a state-owned Turkish financial institution and was Elma's financier at the time of assignment.

13   ECF No. 1 at 4.  After the assignment, in May 2016, Elmas stopped the fig paste deliveries without

14   notice to NB, who later learned that Elmas had gone out of business.  ECF No. 81 at 4.  As of May

15   2016, Elmas had fulfilled approximately two-thirds of NB's order as stated in the purchase

16   agreement.  *Id.*  Ultimately, NB purchased substitute fig paste at a cost of $200,000 in excess of what

17   it would have paid under the contract with Elmas.  When Elmas resumed communications with NB

18   in August 2016 and offered to continue the fig paste shipments, NB declined the offer leaving

19   $399,341.47 outstanding on the invoices.  *Id.* at 5; ECF No. 71 at 2.

20          Turk Eximbank filed the instant matter against Nature's Bakery claiming a right to payment

21   as Elma's assignee for the remaining unpaid invoices.  *Id.*[2]  Among NB's defenses to TE's suit is

22   the argument that it is entitled to setoff under NRS 104.2717 for the $200,000 cost of procuring

23

24

25   [1]     Nature's Bakery filed a Motion to Strike portions of Turk Eximbank's Response together with its Reply in
26   Support of Summary Judgment.  ECF No. 91.  The Motion to Strike is not before the undersigned.  Nor is the Plaintiff's
     Motion for Summary Judgment.  Where the Court references Nature Bakery's Motion or Turk Eximbank Response,
27   these references are to the Motion for Sanctions and the Response to that Motion.
     [2]     NB impleaded third party plaintiff Intransia, Elmas' customs broker, who filed a claim against Turk Eximbank
28   alleging that TE is responsible for money Elmas owes to Intransia for brokerage services Intransia performed for NB
     and Elmas.  ECF No. 45 at 3.

substitute fig paste.  TE is subject to this defense unless it can show that it was a holder in due course of the notes as defined by NRS 104.3308(2).[3]

NB noticed TE's Rule 30(b)(6) deposition on April 28, 2021.  Among the topics noticed were: (i) All communications between and Elmas regarding Nature's Bakery; (ii) TE's knowledge of whether Nature's Bakery received any invoices from Elmas; (iii) TE's knowledge of the financial condition of Elmas from 2015 to 2016, including but not limited to its bankruptcy or dissolution; and, (iv) TE's knowledge of Nature's Bakery's payment to Intransia.  ECF No. 81-2 at 31 ¶¶ 4, 6, 7, 10.  Collectively, these topics seek to discover information regarding whether Turk Eximbank was a holder in due course of the invoices under Nevada law.  TE ultimately failed to cooperate in setting the 30(b)(6) deposition and thus never produced a witness to testify.  As a result, NB states it did not have an opportunity to depose TE on the holder in due course issue.  ECF No. 81 at 5.

When TE filed its Motion for Summary Judgment on June 14, 2021, a month after it failed to cooperate with scheduling its Rule 30(b)(6) deposition, it argued and concluded that it is a holder in due course of the invoices, having supposedly "received the Notes … prior to any knowledge of Nature's Bakery's alleged claims or defenses against any of the notes" as an "innocent purchaser." ECF No. 71 at 6-7.  As such, TE contends that it is not subject to Nature's Bakery's setoff defense and that it is entitled to recover the full value of the invoices from NB.  *Id.*  TE further contends that because it is a holder in due course of the invoices, there is no issue of fact regarding its entitlement to the payments it claims are due.  All of these arguments are supported, in part, by the Declaration of Assistant Manager Ali Ihsan Yarar (the "Yarar Declaration").  ECF No. 71-1.

B.    Nature's Bakery's Request for Relief.

Nature's Bakery's Motion alleges Turk Eximbank failed to cooperate with setting its Federal Rule of Civil Procedure 30(b)(6) deposition, ultimately failed to appear for the deposition, and then falsely claimed certain facts on which NB sought to question TE's Rule 30(b)(6) deponent are undisputed.

---

[3]    NRS 104.3302 requires the party arguing it is a holder in due course to demonstrate that it took an instrument (i) for value, (ii) in good faith, (iii) without notice of any claim to the instrument described in NRS 104.3306, and (iv) without notice that any party has a defense or claim in recoupment described in subsection 1 of NRS 104.3305.  *St. James v. Diversified Comm. Fin. Corp.*, 714 P.2d 179, 180-181 (Nev. 1986).

NB's efforts to schedule TE's Rule 30(b)(6) deposition started on April 9, 2021 when Nature's Bakery sent its first email to Turk Eximbank seeking a mutually convenient date between April 26 and 30th for the company's deposition. ECF No. 81-2 at 17.[4] TE's response on April 12 asked NB for the authority in "support … [of] taking a remote deposition with a foreign witness" contending that "apostille obligations and [t]he Hague Convention" might limit TE's need to produce a witness. *Id*.

Nature's Bakery responded proposing a live deposition in Nevada while adding that if Turk Eximbank was not willing to appear, TE should "confirm" that it would "make suitable arrangements for Plaintiff's deposition to take place remotely" and provide "dates on which that can occur so" NB could "send … [TE] an appropriate notice." *Id*. at 15. In this email, NB also explained that because TE is the plaintiff in this case and chose to file a complaint in the District of Nevada, TE had an obligation to make its deponent available in Nevada. *Id*.; *see also* ECF No. 1.

One day later, on April 22, 2021, TE responded to Nature's Bakery complaining that it had not heard from NB regarding a date for NB's deposition since March 30, that TE was not available on the date NB identified for its deposition, and that TE had no obligation to agree on deposition dates before sending a deposition notice. ECF No. 81-2 at 14. Nature's Bakery answered TE's email promptly stating that since TE, as plaintiff, was obligated to appear in the district in which it filed the complaint, NB would set TE's deposition for May 10, while advising that NB was also available May 11 and 12. *Id*. NB also offered a date for its deposition that TE said it was available (May 7, 2021), and to "discuss protocols, etc. to make sure everyone is comfortable." *Id*. NB stated it would send a deposition notice later that day. *Id*.

Ultimately, the Rule 30(b)(6) deposition notice for Turk Eximbank was sent on April 28, 2021, setting the deposition in Reno, on May 12, 2021 at 10 a.m. "or … [on] another date and time mutually agreed-upon by the parties." *Id*. at 27. On May 3, 2021, TE first informed NB that due to

---

[4] These are among the dates previously offered by Turk Eximbank. *See* ECF No. 81-2 at 18 in which TE offers April 27th or 28th for its deposition. It is also worthy of mention that TE first requested NB's deposition at the end of March. ECF No. 81-2 at 14. Thus, the parties appear to have begun discussing their respective opposing party's deposition at about the same time.

the Ramadan holiday there were no TE representatives available for the week of May 12, to which NB responded by offering a date during the week of May 17 through 21st.  ECF No. 96-3 at 3-4.[5]

On May 12, 2021, having apparently not received a response to its May 3, 2021 email, NB sent a follow-up email to TE.  NB stated: "Gabe, I'm following up on my call to your office this morning and my email below.  As today is the discovery cut-off date, please let us know by close of business whether your client will be appearing for its duly noticed deposition during the dates I proposed below, or if there is an alternative date on which your client is available."  *Id.* at 2.  TE did not respond to NB's email, and neither TE's counsel nor a company representative appeared for the Rule 30(b)(6) deposition.  One month later, TE filed its Motion for Summary Judgment asserting, among other things, that it is a holder in due course of the invoices as supported by the Yarar Declaration.  ECF 71-1.

Nature's Bakery argues that Turk Eximbank repeatedly failed to cooperate with scheduling the Rule 30(b)(6) deposition, failed to appear without justification after receiving the deposition notice, and then filed its Motion for Summary Judgment arguing settled facts about which NB sought to depose TE's person most knowledgeable.  ECF No. 81 at 3.  Nature's Bakery contends that TE's unjustified refusal to appear at the deposition deprived NB of "the opportunity to examine Plaintiff's corporate representative generally and on particular topics," and thwarted NB's ability to obtain critical information necessary to respond to the summary judgment motions filed.  ECF No. 96 at 4, 10.

As a result of this history, Nature's Bakery asks the Court to grant sanctions against Turk Eximbank by entering a finding that Turk Eximbank is *not* a holder in due course and precluding TE from presenting evidence and argument on the issue.  *Id.* at 12.  Nature's Bakery also seeks monetary sanctions in the form of costs and reasonable attorney's fees.  *Id.* at 13.  NB states that TE's refusal to produce a 30(b)(6) witness for deposition was "particularly egregious" given that TE's Motion for Summary Judgment argues the same subjects are matters of undisputed fact.  ECF No 81 at 8.

---

[5]      TE did not specifically raise the issue of the deposition's location in this series of emails, but clearly argues, for the first time in its response brief, that noticing an in-person deposition in Reno was inappropriate.  ECF No. 91 at 26.  TE does not mention that NB offered to take the 30(b)(6) deposition remotely.

1   Nature's Bakery contends that because TE has moved for summary judgment, and because "trial is
2   imminent," evidentiary sanctions are the most appropriate remedy.  *Id.*

3       NB further argues that if TE believed it had no obligation to attend the Rule 30(b)(6)
4   deposition, TE was obligated to seek a protective order or an order staying discovery.  According to
5   Nature's Bakery, that Turk Eximbank would move for summary judgment on the very issues on
6   which NB sought a Rule 30(b)(6) deposition warrants evidentiary sanctions.  *Id.*  NB emphasizes
7   that it offered to reschedule the deposition multiple times, offered several date ranges, and was
8   willing to cooperate to find a time that worked for Turk Eximbank, but that TE chose not to cooperate
9   and simply avoided its obligation to produce a Rule 30(b)(6) witness.  *Id.* at 9.

10      NB's request for monetary sanctions includes costs and reasonable attorney's fees in the
11  amount of $13,125.  *Id.* at 13-14.  Nature's Bakery argues that there was no substantial justification
12  for TE's failure to produce a Rule 30(b)(6) witness and that this was instead a willful refusal to
13  comply with the Rule.  ECF No 81 at 13-14.  NB says sanctions are mandatory under Rule 37(d)(3),
14  which states that a court "must require the failing party to act, the attorney advising that party, or
15  both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the
16  failure was substantially justified or other circumstances make an award of expenses unjust."  Fed.
17  R. Civ. P. 37(d)(3).

18          B.      Turk Eximbank's Opposition to Nature's Bakery's Requests.

19      Turk Eximbank argues that Nature's Bakery withdrew its deposition notice after receiving
20  TE's email in which it identified Ramadan as a prohibition to appearing during the week of May
21  12th.  ECF No. 91 at 3, and 28.  The sole evidentiary support on which TE relies for this argument
22  is NB's willingness to reschedule the deposition to an alternative date.  *See* ECF No. 91 generally
23  and at 29.  Further, despite asking for a deposition date for TE's person most knowledgeable on
24  April 9 (ECF No. 81-2 at 8), almost five weeks before the close of discovery, TE argues that NB
25  waited until 14 days before the close of discovery to notice the deposition, and that the notice was
26  emailed to TE "in contravention of Rule 5's service mandates."  ECF No. 91 at 24.  Turk Eximbank
27  asks the Court to accept its second proposition ignoring that on October 13, 2020 TE emailed NB
28  appearing to accept service of discovery by electronic means, which thereafter occurred between the

parties in November 2020.  ECF No. 96-2 at 2.  TE also argues that the deposition was noticed for the last day of the discovery period during Ramadan, across the world from Turkey, where the company operates, and in the middle of a COVID-19 lockdown that prevented Turkish citizens from leaving their homes.  ECF No. 91 at 24; ECF No. 91-2 at 120.  However, TE does not explain why, as the plaintiff that filed a complaint in the District of Nevada, it was not obligated to appear in Nevada for a deposition or, even assuming travel was a hinderance, why it could not appear remotely. That Turk Eximbank is based in Turkey was known to TE when it chose to commence this action in the District of Nevada.

TE contends that when NB finally issued the Rule 30(b)(6) deposition notice on April 28, 2021, this was a last minute dilatory tactic to survive summary judgment, although the Motion for Summary Judgment was not filed until June.  With respect to the offer to take the deposition outside of the discovery period, and ignoring Fed. R. of Civ. P. 1,[6] Turk Eximbank contends that it had no obligation to agree to conduct discovery after the close of the period, and no duty to "collaborate with Defendant to schedule such."  ECF No. 91 at 24.  Turk Eximbank further argues that (1) Nature's Bakery showed "no urgency" when attempting to schedule the deposition, (2) NB did not ask for a discovery extension when it supposedly became apparent that TE would not appear, (3) NB did not itself appear for the deposition and never expected Turk Eximbank to either, and (4) in light of the above, the Court should view Nature's Bakery's motion for discovery sanctions as a pretext for avoiding summary judgment.  *Id.* at 32.  Finally, TE's Response contends that deposing Turk Eximbank on the proposed topics would not impact summary judgment and that they are not central to establishing the company status as a holder in due course.  *Id.* at 34.[7]

C.    Nature's Bakery's Reply.

In Reply, Nature's Bakery argues that TE is not properly excused from complying with its discovery obligations because NB served a deposition notice toward the end of discovery.  ECF No.

---

[6]    Rule 1 of the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1 (emphasis added).

[7]    Turk Eximbank includes a personal allegation against Defense Counsel regarding a prior court proceeding in which Mr. Kwasniewski was orally admonished by the Court in part for discovery-related misconduct.  *Id.* at 33.  This admonishment is not germane to the present motion and will not be further commented upon by the Court.

7

96 at 4.  Nature's Bakery also contends that Turk Eximbank is responsible for the late notice, given that TE would not agree to any of the proposed dates discussed over email.  *Id.*  NB adds that "the parties were engaged in written discovery throughout the spring of 2021" and that TE was still producing documents as of April 12.  *Id.* at 8.

Regarding the question of the deposition location and TE's inability to travel during lockdown, NB demonstrates that through email it offered to conduct the deposition remotely and inquired into TE's availability to do so, to which TE would not agree.  *Id.* at 6.  NB emphasizes the self-executing nature of federal discovery, which requires the *responding* party and not the noticing party to demonstrate that they do not have a duty to respond.  *Id.* at 8.  Nature's Bakery reiterates its request for evidentiary sanctions, but asks, in the alternative, that the Court order TE to appear at a rescheduled 30(b)(6) deposition and to award costs and attorney's fees.  *Id.* at 4-5.

## II.   DISCUSSION

A.   The Legal Standard.

Federal Rule of Civil Procedure 37(b) gives the Court a wide range of sanctions for a party's failure to engage in discovery or comply with discovery orders that are reviewed for abuse of discretion.  *Desert Palace, Inc. v. Michael*, Case No. 2:16-cv-00462-JAD-GWF, 2018 WL 401534 at *1 (D. Nev. Jan. 11, 2018) (citations omitted).  "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988).  Rule 37(d)(1) specifically authorizes a court to issue sanctions when a party or its representative, or a person designated under Rule 30(b)(6), fails to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).  Sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and (iii) ordering the disobedient party to pay the reasonable expenses (including attorney fees) caused by the party's failure to appear.  *See* Fed. R. Civ. P. 37(d)(3).  However, the sanctions must bear a reasonable relationship to the subject of discovery that

was frustrated by the sanctionable conduct.  *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001), *cert. denied sub nom., McLachlan v. Simon*, 536 U.S. 941, (2002).

> **B.** <u>Turk Eximbank Failed to Cooperate in Scheduling and Appearing for a Rule 30(b)(6) Deposition Depriving Nature's Bakery of an Opportunity to Question this Plaintiff on Facts in Dispute.</u>

The reasonableness of a deposition notice is for courts to determine based on the circumstances of the case.  *Fernandez v. Penske Truck Leasing Co., L.P.*, Case No. 2:21-cv-00295-JCM-GWF, 2013 WL 438669, at *1 (D. Nev., Feb. 1, 2013).   Nature's Bakery's notice was reasonably calculated to provide Turk Eximbank with all of the information Rule 30(b) required.  The notice included the name of the organization, the time and place of the deposition, the method of recording, and the topics to be discussed.  ECF No. 81-2 at 1-7.  Turk Eximbank now complains about "the ten wide ranging topics" to be covered and the amount of investigation it would require to produce a witness for deposition.  ECF No. 91 at 32.  The range of topics to be discussed was not outside what is typical for a Rule 30(b)(6) deposition.  As Nature's Bakery points out, TE's 30(b)(6) deposition of NB listed similarly wide-ranging and more numerous topics, served with fifteen days' notice.  ECF No. 96 at 6.  As for Turk Eximbank's assertion that it was improperly served via email, the email correspondences between the parties in November 2020 confirms the parties' intent to exchange discovery documents over email, ECF No. 96-2 at 2-3, as does the parties' exclusive use of email discovery thereafter.  ECF No. 96 at 5.

There is a fair presumption that federal court plaintiffs will "make themselves available for examination in the district in which suit was brought, because the plaintiffs selected the forum." *P.Y.M.T. v. City of Fresno*, Case No. 1:15-CV-710-JAM-BAM, 2016 WL 2930539, at *2 (E.D. Cal. May 19, 2016); *Sony Corporation v. Vizio, Inc.*, Case No. SA CV-08-1135-RGK (FMO), 2009 WL 10674940 (C.D. Cal. Oct. 9, 2009), at *2 *citing* 7 *Moore's Federal Practice* § 30.20[1][b][ii], at 30-43 (3d ed. 2010) and 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112 at 75-77 (2nd ed. 1994) (additional citations omitted).   In order to overcome this presumption, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Fenerjian v. Nong Shim Co., Ltd*, Case No. 13-CV-04115-WHO-DMR, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016).  At the end of the day,

district courts have "wide discretion" to set depositions in the time and place of their choosing. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

While the circumstances surrounding NB's 30(b)(6) deposition of TE may have been exceptional because of the company's location and COVID-19, TE has not carried its burden of establishing that such circumstances prevented it from appearing remotely at a properly noticed deposition.[8]   Further, TE received an email on April 22 and a deposition notice on April 28 communicating NB's intent to hold a deposition in Reno (ECF No. 81-2 at 14, 25) and did not object to either with the Court or opposing counsel.  TE now argues (without citing to authority) that NB's choice of deposition forum was "unreasonable."[9]  ECF No. 91 at 24-26.

Similarly, TE makes the argument that preparing a witness to appear would never have been required, ECF No. 91 at 32, but this contention appears nowhere in the email exchange provided to the Court.  The law requires the objecting party to "specifically detail the reasons why each request is improper," *Stringer v. Am. Family Mut. Ins. Co.*, Case No. 2:13-cv-1338-GMN-VCF, 2014 WL 6473597 at *2 (D. Nev. Nov. 18, 2014), and to do so in advance of deposition.  *Pongsai v. Am. Express Co.*, Case No. 8:19-cv-01628-DOC-JDEx, 2020 WL 5356711, at *3 (C.D. Cal. June 29, 2020) (defendant's objections to the scope of a 30(b)(6) deposition, submitted two days before the deposition date, was an improper challenge to the scope of the noticed topics).  TE was obligated to communicate with NB by phone, email, or a formal meet and confer in advance of deposition if it took issue with the noticed topics.  In the event the parties were unable to resolve the issue, TE should have sought a protective order from the Court.  *Id.* (citations omitted).

Turk Eximbank spends considerable time insisting that it did not have an obligation to appear for a deposition outside of the discovery period absent a court order.  ECF No. 91 at 29.  While the obligation to appear may not be required, the duty to cooperate is.  *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009) ("compliance with the 'spirit and purposes' of [the]

---

[8]   TE's counsel's email on May 12, the day of the deposition, alluding generally to "the challenges posed by covid-19" (ECF No. 91-2 at 120) is not sufficient to establish "undue hardship or exceptional or compelling circumstances." *Fenerjian* at *2.

[9]   The Court recognizes that Counsel for Turk Eximbank sought authority for Nature's Bakery's contention that, as Plaintiff, TE was obligated to appear in the District of Nevada.  TE's lack of familiarity with this generally accepted Rule was not a statement that the forum was legally unreasonable.  This conclusion is further supported by NB's offer that TE's 30(b)(6) deponent appear remotely.

discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs" (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008)); *Tierno v. Rite Aid Corp.*, Case No. C 05-02520 THE, 2008 WL 3876131, at *2 (N.D. Cal. Aug. 19, 2008) (in handling discovery issues, counsel "should strive to be cooperative, practical and sensible.").  Upon learning of the Ramadan holiday, Nature's Bakery responded the next day offering three dates before discovery ended and a seven-day range of dates immediately following the close of discovery in an effort to accommodate TE.  ECF No. 96-3 at 2-3.[10]  That Turk Eximbank did not agree to any of these dates or any of the dates NB suggested in the five weeks of scheduling correspondences leading up to May 12.  These facts support the Court's finding that TE failed to be cooperative, practical or sensible in response to NB's efforts to schedule the 30(b)(6) deposition.

Any attempt to cast Nature's Bakery's offer to depose TE after the close of discovery as a "manipulative attempt" to "bait" Turk Eximbank is unsupported by the record.  ECF No. 91 at 27, 28.  To the contrary, a review of the emails provided demonstrates that Nature's Bakery sought to cooperate with Turk Eximbank with respect to scheduling TE's Rule 30(b)(6) deposition.  ECF No 81-2 at 14-15, 17.  TE waited until May 3 to raise the Ramadan conflict, and then entirely ignored NB's next-day response offering alternative dates.  ECF No. 81-2 at 57-58.  Turk Eximbank did not respond until May 12, the day of the deposition, to object to the "exceedingly short" notice period or express its view that the notice was "unreasonable."  ECF No. 91-2 at 120.

Further, and notwithstanding Turk Eximbank's objections, the deposition notice was reasonable.  That Nature's Bakery served TE with a deposition notice fourteen days before the date on which a witness was to appear is not itself unreasonable.  *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) ("Certainly, [two weeks] is 'reasonable notice' of the deposition within the meaning of Rule 30(b)(1)."); *Irwin v. Davison*, Case No. CV-18-3409-PHX-SRB (DMF), 2020 WL 589699, at *4 (D. Ariz. Jan. 2, 2020), report and recommendation adopted, Case No. CV-18-03409-PHX-SRB (DMF), 2020 WL 587880 (D. Ariz. Feb. 6, 2020).   Turk Eximbank's contention that notice was untimely is particularly weak given TE's statement that it had no

---

[10]     There is nothing in the record, and Turk Eximbank does not suggest, that Nature's Bakery knew about a possible conflict or intentionally set its deposition during Ramadan to hamstring the Plaintiff.

obligation to cooperate on a deposition date before setting Nature's Bakery's deposition, ECF No. 81-2 at 14, and that, at the risk of redundancy, NB first sought a date for TE's Rule 30(b)(6) deposition on April 9. ECF No. 81-2 at 8; *see e.g.*, *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 4039411, at *8 (D. Nev. Aug. 6, 2013) (sanctions were appropriate where plaintiff failed to appear at defendant's deposition despite receiving an email from defendant about the deposition 25 days in advance).

Turk Eximbank's claim that Nature's Bakery "[a]ttempt[ed] to make Plaintiff's representative(s) and unvaccinated counsel travel great distances at real risk for an in-person deposition when remote depositions have been more than satisfactory" dramatizes and misstates the facts. ECF No. 91 at 32. As demonstrated through Nature's Bakery's emails, a remote deposition was offered to Turk Eximbank. ECF No. 81-2 at 15. The challenges posed by the COVID-19 pandemic have rendered remote depositions necessary in many cases. If TE wanted its deposition to occur remotely so as to avoid unnecessary travel during COVID-19, then TE was responsible for communicating and cooperating with Nature's Bakery to do so.

The Ninth Circuit holds that "disobedient conduct not shown to be outside the control of the litigant" is sufficient to establish "willfulness, bad faith, or fault" for failing to comply with discovery obligations. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (finding that "the ordinary difficulties in coordinating calendars" was not a valid excuse for failing to appear for a properly noticed deposition). TE has not demonstrated that circumstances outside of its control prevented it from appearing at a remote deposition. Indeed, based on Nature's Bakery's April 21 email asking TE to confirm its desire for a remote deposition and to provide a list of available dates, TE had every opportunity to move forward remotely. ECF No. 81-2 at 15.[11]

The Court is also not persuaded that Nature's Bakery ever withdrew or cancelled its deposition notice. There is no language to that effect, and Nature's Bakery's good faith attempt to reschedule the deposition for a date just outside the discovery period is not reasonably interpreted by the Court as a cancellation of its May 12 deposition. That Nature's Bakery did not appear on

---

[11] NB also did not fail to respond to Turk Eximbank's "concerns" about conducting cross-border remote depositions. In fact, while failing to cite law in support, Nature's Bakery did state that having chosen to file a complaint in the District of Nevada, Turk Eximbank was required to appear in the District for deposition. *Id.* at 15.

May 12, after TE said it would not be there, is also unavailing.  By the time May 12 arrived, Nature's Bakery knew a representative of TE would not appear.  NB did not have to go through the motions of appearing for a deposition it reasonably believed TE would not attend.  *Henry*, 983 F.2d at 4 (deponent's notice "that he would not appear at a properly scheduled and noticed deposition was a 'failure to appear' and supported … discovery sanction[s], even though defense counsel attempted to reschedule deposition rather than wait for [deponent] to arrive").  Although courts may refuse to grant sanctions for non-appearance at a deposition where the moving party did not make a record of deponent's failure to appear, requiring NB to appear at this deposition with a court reporter strikes the Court, in this case, as a needless formality.  Despite Turk Eximbank's assertion that Nature's Bakery has "provided no evidence" of TE's non-appearance, it is undisputed that TE did not appear.

All of the above reflects a fundamental lack of compliance with the discovery process by Turk Eximbank.  This process requires parties to attempt to cooperate without the need for judicial intervention.  At no point in the communications between Turk Eximbank and Nature's Bakery did TE manifested a genuine intent to facilitate the setting of its deposition.  Nature's Bakery may not have communicated with perfection, but the tone and content of its emails demonstrate an effort to cooperate with TE.  The Court finds that sanctions are appropriate to compensate Nature's Bakery for the prejudice it has suffered and to encourage Turk Eximbank to comply with its discovery obligations going forward.

C.    The Court Declines to Issue Evidentiary Sanctions.

While the Court finds evidence of noncompliance, Turk Eximbank's behavior falls short of warranting an evidentiary sanction.  This is the first discovery order the Court has issued against TE, and the lack of cooperation does not support the drastic measure Nature's Bakery requests.  When severe evidentiary sanctions are issued, it is generally to ensure compliance in light of the sanctioned party's repeated refusal to obey previous court orders.  *See, e.g.*, *Tuggle v. City of Tulare*, Case No. 1:19-CV-01525-NONE-SAB, 2021 WL 3472274, at *17 (E.D. Cal. Aug. 6, 2021) (discussing instances of evidentiary sanctions that issued upon a party's demonstrated failure to cooperate with discovery orders).  There is no evidence at this time to suggest lesser sanctions are inadequate to ensure Nature's Bakery is not prejudiced by Turk Eximbank's actions.  *R & R Sails, Inc. v. Ins. Co.*

1   *of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (requiring the district court to consider the

2   availability of lesser sanctions where evidence preclusion would have the practical effect of claim

3   dismissal).

4       The Court denies the evidentiary sanction requested because the sanction sought involves a

5   central issue in this case and granting the sanction could be case-dispositive.  Public policy favors

6   resolving disputes on their merits.  The availability of alternative remedies counsel against granting

7   what the Court considers potentially outcome-determinative sanctions in this case.  *Connecticut Gen.*

8   *Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

9       D.    The Court Grants Nature's Bakery's Request that Turk Eximbank Appear for a
10             30(b)(6) Deposition; and, the Court Awards Monetary Sanctions.

11       Requiring Turk Eximbank to appear for its Rule 30(b)(6) deposition either remotely at a

12   mutually convenient time or in person remedies the harm caused by TE's lack of cooperation and

13   apparent lack of understanding regarding its obligation to appear.  *Buswell v. Wal-Mart Stores, Inc.*,

14   Case No. 2:19-CV-00211-RFB-EJY, 2019 WL 4855354, at *2 (D. Nev. Oct. 1, 2019).  The Court

15   exercises its authority to limit the topics such that they must all be reasonably related to the issues

16   (claims and defenses) in this case.  More specifically, Nature's Bakery's topics number 2 and 4 (ECF

17   No. 81-2 at 31) are currently stated without a time limit or other limitations that would render these

18   topics proportional to the needs of this case as all discovery must be.  Fed. R. Civ. P. 26(b)(1); *Moi*

19   *v. Chihuly Studio, Inc.*, 846 F. App'x 497, 499-500 (9th Cir. 2021).  These two topics must be

20   restated by Nature's Bakery and provided at least ten (10) days in advance of the deposition to Turk

21   Eximbank.  The Court further requires the parties to coordinate in selecting a mutually agreeable

22   date for the deposition that is no later than thirty (30) days after the date of this Order.  The Court

23   grants Nature's Bakery's monetary sanction in the form of its reasonable attorney's fees and costs

24   associated with bringing its Motion for Sanctions (ECF No. 81).

25   **III.   ORDER**

26       IT IS HEREBY ORDERED that Nature's Bakery's Motion for Sanctions (ECF No. 81) is

27   GRANTED in part and DENIED in part.

28

IT IS FURTHER ORDERED that Nature's Bakery's request for a Court order requiring Turk Eximbank to appear for a 30(b)(6) deposition is GRANTED.

IT IS FURTHER ORDERED that Nature's Bakery's request for evidentiary sanctions is DENIED.

IT IS FURTHER ORDERED that the Fed. R. Civ. P. 30(b)(6) deposition of Turk Eximbank may occur in person or by video conference at a mutually convenient time no later than thirty (30) days from the date of this Order.  In the event a remote deposition is to be conducted, the parties shall cooperate in making the necessary arrangements.[12]

IT IS FURTHER ORDERED that Nature's Bakery is awarded its reasonable attorney's fees and costs associated with bringing its Motion for Sanctions and Reply.

IT IS FURTHER ORDERED that Nature's Bakery shall, within 14 days of the date of this Order, submit a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this Order.  The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

IT IS FURTHER ORDERED that Turk Eximbank shall have five (5) days from service of the memorandum of costs and attorney's fees, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.  No reply brief shall be filed without leave of Court.

DATED this 29th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[12]    If after the deposition the parties seek to amend their filings currently pending before the Honorable Jennifer A. Dorsey, they must seek permission from her to do so.