UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATURE'S BAKERY, LLC,<br><br>  Third Party Plaintiff and Counter Defendant,<br><br>  v.<br><br>INTRANSIA, LLC,<br><br>  Third Party Defendant and Counterclaimant. | Case No. 3:20-cv-00330-MMD-EJY<br><br>ORDER |

## I. SUMMARY

This is a commercial dispute about the fig paste that goes into Third-Party Plaintiff and Counter Defendant Nature's Bakery, LLC's fig bars.[1] The parties to this case have mostly settled their claims against each other (ECF Nos. 129, 141), and the Court granted Nature's Bakery summary judgment on its sole claim for breach of contract against Third Party Defendant and Counterclaimant Intransia, LLC (ECF No. 124 ("MSJ Order") at 14), but the Court has not yet entered judgment in Nature's Bakery's favor or adjudicated Intransia's counterclaims against Nature's Bakery. Before the Court are two motions: (1) Nature's Bakery's motion for entry of judgment under Federal Rule of Civil Procedure 54(b) on its claim against Intransia (ECF No. 134 ("Nature's Bakery's Motion"));[2] and Intransia's motion for leave to amend the scheduling order (ECF No. 143 ("Intransia's Motion")).[3] Because the Court finds it would be more just and efficient to

---

[1] *See, e.g.*, Nature's Bakery, *Whole Wheat Fig Bars* (Last Visited Sept. 27, 2022), https://www.naturesbakery.com/shop-snacks/whole-wheat-fig-bars.

[2] Intransia filed a response (ECF No. 135), and Nature's Bakery filed a reply (ECF No. 136).

finally resolve all of Nature's Bakery and Intransia's overlapping claims against each other at trial instead of proceeding in a piecemeal manner, and Intransia does not even argue it has shown good cause to amend the scheduling order in its Motion—and as further explained below—the Court will deny both motions and direct the parties to file the joint pretrial order ("JPO") they were supposed to file back in July (*see* ECF No. 125) within 30 days.

## II.   BACKGROUND

The Court incorporates by reference the undisputed background facts it recited in the MSJ Order. (ECF No. 124 at 2-7.) In the MSJ Order, the Court found that an indemnification agreement between Nature's Bakery and Intransia was valid, enforceable, and Intransia had breached it. (*Id.* at 9-14.) The Court resolved the parties' competing motions for summary judgment accordingly. (*Id.* at 14.) The Court also otherwise denied Intransia's motion for summary judgment and informed Intransia that it would have to file a motion seeking leave to amend the scheduling order if it wanted to file another motion for summary judgment because the dispositive motions deadline expired June 15, 2021. (*Id.* at 14-16 & n.14.)

Just after it entered the MSJ Order, the Court entered a minute order referring the case for a settlement conference and ordering that the JPO was due 30 days after that settlement conference. (ECF No. 125.) A couple of weeks later, but before any settlement conference was held, Türkiye Ihracat Kredi Bankasi A.Ş. and Nature's Bakery settled their claims against each other. (ECF Nos. 128 (joint stipulation of dismissal), 129 (order granting that stipulation).)

Nature's Bakery also filed its pending Motion before United States Magistrate Judge Elayna J. Youchah held the settlement conference, but the Court did not rule on it before Judge Youchah held that conference. Turkiye Ihracat Kredi Bankasi, A.S. and Intransia settled their claims against each other at the settlement conference on June 9,

---

[3]Nature's Bakery filed a response. (ECF No. 144.)

2022. (ECF No. 137; *see also* ECF No. 141 (order granting stipulation to dismiss filed pursuant to the settlement agreement).) Following the settlement conference, Nature's Bakery and Intransia thus became the only parties with claims remaining against each other. However, as the settlement conference was held on June 9 (ECF No. 137), that also meant that the JPO was due within 30 days of June 9, 2022 (ECF No. 125). As of the date of entry of this order, Nature's Bakery and Intransia have not filed the JPO. They accordingly violated the Court's order. (*Id.*) Intransia also waited from the beginning of February, when the Court issued the MSJ Order (ECF No. 124), until September to file its Motion (ECF No. 143).

## IV. DISCUSSION

Nature's Bakery asks the Court to enter judgment in line with the MSJ Order, and Intransia seeks leave to file another motion for summary judgment and stay the JPO deadline until 30 days after the Court issues an order on that motion for summary judgment. Neither party explicitly acknowledges that they missed the existing JPO deadline. The Court first addresses Nature's Bakery's Motion, and then Intransia's Motion.

### A. Nature's Bakery's Motion

Nature's Bakery requests the Court enter judgment under Rule 54(b) because the Court's grant of summary judgment to it and against Intransia for breach of the indemnification agreement constitutes a final judgment, and both the equities and judicial administrative interests favor entering judgment now. (ECF No. 134.) Intransia counters that granting Nature's Bakery's Motion could lead to overlapping, piecemeal appeals, the judgment Nature's Bakery seeks overlaps with Intransia's counterclaims that have not yet been resolved, and Nature's Bakery does not argue that delaying entry of judgment would result in any significant financial loss based on, for example, a difference in interest rates. (ECF No. 135.) The Court agrees with Intransia in pertinent part.

"When an action presents more than one claim for relief ... the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the

court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To enter judgment against a single claim, "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the district court must find there is "no just reason for delay." *Id.* When deciding what constitutes an individual claim, the Ninth Circuit takes "a pragmatic approach" which focuses on whether the ostensibly multiple claims are separately justiciable. *Id.* at 574-75. Under this approach, "[c]laims with partially 'overlapping facts' are not 'foreclosed from being separate for purposes of Rule 54(b).'" *Id.* at 575 (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005)). District courts must use their discretion to determine whether "judicial administrative interests" and "the equities involved" are best served by severing the finally decided claims from those still pending. *Id.* at 576 (quoting *Curtiss-Wright*, 466 U.S. at 8). However, when "an important and controlling legal issue ... cuts across" or "curtails" both final and non-adjudicated claims, the Ninth Circuit has found certification to appeal appropriate. *Wood*, 422 F.3d at 881.

To start, the Court makes three initial observations. First, neither party disputes that the Court's MSJ Order is a final order as to Nature's Bakery's sole claim against Intransia. And the Court agrees it is. Indeed, the Court found in the MSJ Order that the pertinent indemnification agreement is valid, enforceable, and Intransia breached it. (ECF No. 124 at 14-16.) Intransia must accordingly pay Nature's Bakery $130,046.42, but that amount may be subject to some offset depending on the final resolution of Intransia's counterclaims. (*Id.* at 14 & n.12.) Second, neither party argues that an important or controlling legal issue cuts across the final and non-adjudicated claims such that certification to appeal would be particularly appropriate. *See Wood*, 422 F.3d at 881. Third, Rule 54(b) is discretionary, not mandatory. *See* Fed. R. Civ. P. 54(b) ("the court may direct entry of a final judgment"). Thus, the Court is not required to direct entry of judgment under Rule 54(b).

///

4

And the Court will not do so at this time because the equities and administrative interests counsel in favor of finding a just reason for delay. That delay will be relatively brief because the Court will direct the parties to file the belated JPO and set this case for trial.

While it is true in a sense that Nature's Bakery's claim against Intransia is separate from Intransia's counterclaims because they are asserted in different pleadings, even Nature's Bakery concedes its claim is entangled with Intransia's counterclaims because Nature's Bakery contends that the indemnification agreement novated the other written documents that Intransia uses as the basis for its counterclaims. (ECF Nos. 134 at 7-8, 136 at 3.) Intransia's counterclaims, conversely, depend to some extent on Intransia's implicit contention that the indemnification agreement did not novate the other agreements that form the basis of Nature's Bakery's alleged obligations to Intransia. Thus, the claim Nature's Bakery already prevailed on is entangled with Intransia's counterclaims in a way that counsels in favor of resolving all disputes between Nature's Bakery and Intransia before directing entry of judgment.

Much of Nature's Bakery's argument in its Motion is also devoted to suggesting that Intransia's counterclaims lack merit. (ECF No. 134 at 7-8.) This too suggests that Nature's Bakery's claims and arguments are bound up with Intransia's counterclaims, and the Court should thus hold off on entering partial judgment now.

When it comes to money, and unlike in *Curtiss-Wright*, 446 U.S. at 11-13, Nature's Bakery does not argue that it will be prejudiced by waiting to get the some $130,000 Intransia owes it because of a difference in interest rates that would ultimately mean it would get much less money if it gets its money later. Nature's Bakery simply argues that making it wait longer to get the money would be unjust. (ECF No. 134 at 8-9.) Certainly, money now is generally worth more than money later,[4] but Nature's Bakery

---

[4] *See, e.g.*, Jason Fernando, *Time Value of Money ("TVM") Definition*, INVESTOPEDIA (Updated Sept. 21, 2022), https://www.investopedia.com/terms/t/timevalueofmoney.asp.

5

does not point to any special circumstances such as those present in *Curtis-Wright* that would determinatively tip the balance of equities towards entering judgment under Rule 54(b) now. Additionally, neither party has suggested that Intransia will be any more or less able to pay the money it owes Nature's Bakery when this case resolves than it would be able to now. And the delay should not be too long, as the Court intends to set this case for trial after the parties file the JPO within 30 days.

Both parties also discuss the possibility of appeals, but neither party says they intend to appeal the MSJ Order. (ECF Nos. 135 at 4, 136 at 2-4.) Thus, the policy against piecemeal appeals does not appear particularly relevant here. *See Curtiss-Wright*, 446 U.S. at 8 (stating that one component of the Rule 54(b) inquiry is to "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'") (citation omitted). That said, it's certainly possible that Intransia could appeal if the Court certified Nature's Bakery's win in the MSJ Order now, and then appeal again later if it ultimately loses on its counterclaims. Thus, to the extent the policy against piecemeal appeals is applicable, it too weighs against entering judgment under Rule 54(b) now.

In sum, the Court finds it just and efficient to expeditiously shepherd Nature's Bakery and Intransia to trial so that their claims against each other may be finally resolved instead of entering judgment under Rule 54(b) now. The Court exercises its discretion under Rule 54(b) and denies Nature's Bakery's Motion.

**B.     Intransia's Motion**

After waiting about seven months, Intransia seeks leave to amend the scheduling order to file another motion for summary judgment nearly a year and a half after the dispositive motions deadline and seeks to further delay this case until after that motion is fully briefed, and the Court is able to resolve it. (ECF No. 143.) Intransia does not offer any argument in its Motion as to why the Court should permit this beyond pointing out

that its request complies with the MSJ Order.[5] (*Id.* at 2.) Nature's Bakery counters in pertinent part that the Court should deny Intransia's Motion because it does not even address the applicable 'good cause' standard, much less demonstrate good cause. (ECF No. 144 at 3-4, 7.) The Court agrees with Nature's Bakery.

Because Intransia is seeking leave to file an additional summary judgment motion after the Court entered a scheduling order (ECF Nos. 39, 64 (extending some deadlines)), and after the dispositive motions deadline expired (ECF No. 124 at 16 n.14), Rule 16(b)(4)'s "good cause" standard for modifying a scheduling order applies. The 'good cause' standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While the Court may consider prejudice to the nonmoving party as an additional reason to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no good reason for a grant of relief.... If [a] party was not diligent, the inquiry should end." *Id.* (citations omitted); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ("As in *Johnson*, the Plaintiffs here have failed to demonstrate good cause for their untimely motion to amend, and thus, the district court did not abuse its discretion in denying that motion.").

Intransia has not demonstrated good cause to amend the scheduling order permitting it to file another summary judgment motion because it does not even address its diligence in its Motion, much less establish that it was diligent. (ECF No. 143 at 2.) Indeed, Intransia does not really make any argument as to why the Court should amend the scheduling order in its single-page Motion. (*Id.*) Nor does Intransia attempt to explain why it waited some seven months to file its Motion. (*Id.*) And while Intransia attempts to

---

[5]That is correct, though ultimately not very persuasive. The MSJ Order did not set a time limit within which Intransia must seek leave to file another motion for summary judgment and denied Intransia's motion for summary judgment in pertinent part without prejudice for violating the Court's Local Rules. (ECF No. 124 at 14-16.)

7

address the good cause standard for the first time in reply (ECF No. 147), "[c]ourts do not generally consider arguments made for the first time in reply." *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021) (citation omitted).[6] In sum, as Intransia did not even argue it was diligent in its Motion, the inquiry ends. *See Johnson*, 975 F.2d at 609. Intransia's Motion is denied.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nature's Bakery's motion for entry of judgment (ECF No. 134) is denied.

It is further ordered that Intransia's motion to amend the scheduling order (ECF No. 143) is denied.

It is further ordered that the Joint Pretrial Order is due within 30 days of entry of this order.

DATED THIS 11th Day of October 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Intransia also argues it was not aware of the requirements of the Local Rules at the time it filed its motion for summary judgment that the Court later denied for violation of those rules (ECF No. 147 at 2-3), but "[t]he parties are expected to familiarize themselves with the Court's Local Rules of Practice. Filings that fail to comply with the Local Rules or this Standing Order may be stricken." Miranda M. Du, *United States District Judge Miranda M. Du's Civil Standing Order No. 1* (Last Accessed Oct. 11, 2022), https://www.nvd.uscourts.gov/wp-content/uploads/2018/06/Civil-Standing-Order-MMD.pdf.